IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Sharpe Innovations, Inc.**, | Case No. _____ |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **KDDI America, Inc.; Locus Telecommunications, LLC**, | |
| Defendants. | |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Sharpe Innovations, Inc. ("Sharpe"), through its attorney, Isaac Rabicoff, complains of KDDi America, Inc. and Locus Telecommunications, LLC (collectively "h2o") and alleges the following:

PARTIES

1. Plaintiff Sharpe Innovations, Inc. is a corporation organized and existing under the laws of North Carolina that maintains its principal place of business at 1300 Westwood Village Lane, Suite 403, Midlothian, VA 23114.

2. Defendant KDDI America, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 825 Third Avenue, 3rd Floor, New York, NY 10022.

3. Defendant Locus Telecommunications, LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 2200 Fletcher Avenue, Suite 600, Fort Lee, NJ 07024.

JURISDICTION

4. This is an action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over h2o because it has engaged in systematic and continuous business activities in the Northern District of Illinois. Specifically, h2o has established places of business and provides their full range of services to residents in this District. As described below, h2o has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because h2o has committed acts of patent infringement in this District, and has a regular and established place of business in this District. Specifically, KDDI America, Inc. has a branch office in Bensenville, IL. Additionally, Locus Telecommunications, LLC provides, at least, local access calling card services (since 2001) and Customer Care services to residents in this District; and has an established place of business in this District. In addition, Sharpe has suffered harm in this District.

## PATENTS-IN-SUIT

8. Sharpe is the assignee of all right, title and interest in United States Patent Nos. 8,337,239 (the "'239 Patent") and 8,573,986 (the "'986 Patent"), collectively the "Patents-in-Suit", including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Sharpe possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by h2o.

### The '239 Patent

9. On December 25, 2012, the United States Patent and Trademark Office issued the '239 Patent. The '239 Patent is titled "Hardened micro SIM adaptor." The

application leading to the '239 Patent was filed on December 9, 2010 and claims priority from a provisional application filed on July 30, 2010. A true and correct copy of the '239 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. The '239 Patent is valid and enforceable.

11. The invention in the '239 Patent relates to a SIM card adaptor system allowing use of a smaller SIM card in an electronic device with an adaptor body and cutout region. Ex. A at 4:51-60. The SIM card adaptor system is also heat-resistant, and can be used multiple times by a SIM-enabled device. *Id.* at 1:15-18.

12. The inventor Cameron Holmes recognized that SIM cards evolved, and that several devices are only capable of having regular or mini SIM cards. *Id.* at 1:21-26. Some users may want to put a micro SIM card into a device that can only accept regular or mini SIM cards, and prevent heat damage that would otherwise cause the circuits to malfunction. *Id.* at 1:30-32; 1:49-54. The invention is therefore directed to an improved SIM card adaptor system that allows phones with mini SIM cards to have micro SIM cards and avoid heat damage. *Id.* at 1:59-62.

**The '986 Patent**

13. On November 5, 2013, the United States Patent and Trademark Office issued the '986 Patent. The '986 Patent is titled "SIM card adaptor." The application leading to the '986 Patent is a continuation-in-part of the application that issued as the '239 Patent and was filed on November 13, 2012. A true and correct copy of the '986 Patent is attached hereto as Exhibit B and incorporated herein by reference.

14. Sharpe Innovations, Inc. is the assignee of all right, title and interest in the '986 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '986 Patent.

Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '986 Patent by Defendants.

15. The '986 Patent is valid and enforceable.

16. The '986 Patent is related to the '239 Patent and, therefore, also relates to a SIM card adaptor system allowing use of a smaller SIM card in an electronic device with an adaptor body and cutout region. Ex. B at 1:15-20.

## FACTS

17. Cameron Holmes is the inventor of the SIM card adaptor technologies illustrated in the '239 Patent and the '986 Patent. He is also the Founder and one of the Owners of Sharpe Innovations, Inc., a Virginia-based technology company that make SIM card adaptors that maintain their shape, even up to temperatures of 250 degrees Fahrenheit. The company is currently woman and family owned. It also sells and manufactures SIM adapters, which can be purchased at Sharpe's website: http://www.sharpeinnovations.com/purchasing.

18. Sharpe's SIM cards are made for any cellular device, including phones, tablets, hotspots, and computers. It markets its SIM cards through a series of blog posts, and tutorial videos that were posted on YouTube. Further, on its website, Sharpe invited its users to see the patents it obtained for its Micro and Nano Sim Card Adapters. Correspondence with h2o.

## COUNT I: INFRINGEMENT OF THE '239 PATENT

19. Sharpe incorporates the above paragraphs herein by reference.

20. **Direct Infringement.** h2o has been and continues to directly infringe at least claim 1 of the '239 Patent in this District and elsewhere in the United States, by providing a SIM card, for example, that has an adaptor allowing use of a micro SIM card in a device using mini SIM cards.

21. h2o sells, offers for sale in the United States, and imports SIM cards that have adaptors allowing use of a micro SIM card in a device using mini SIM cards.

22. h2o's Triple SIM ("Triple SIM") has an adaptor body having a cutout region defined by walls in the adaptor that are shared to receive micro SIM cards. For example, h2o sells a Triple SIM with a Micro SIM adapter that has an adaptor body with a cutout region that receives micro SIM cards. *See* https://www.h2owirelessnow.com/mainControl.php?page=lteSimDetail&p_code=.

23. h2o's Triple SIM has a floor on the cutout region for supporting the micro SIM card. For example, the Triple SIM has a floor in the cutout region that provides space allowing the micro SIM card to be placed. *See* https://www.h2owirelessnow.com/mainControl.php?page=lteSimDetail&p_code=.



*Figure 1. The cutout region's floor supporting the micro SIM card.*

24. h2o's Triple SIM has an adaptor body made of plastic and/or nylon, carbon fiber, aluminum or similar materials capable of withstanding heat levels up

to at least 250 degrees Fahrenheit without degradation. For example, h2o sells a Triple SIM made of, plastic or similar materials capable of withstanding heat levels up to at least 250 degrees Fahrenheit without degradation. *See* https://www.h2owirelessnow.com/mainControl.php?page=lteSimDetail&p_code=.

25. **Induced Infringement.** h2o has also actively induced, and continues to induce, the infringement of at least claim 1 of the '239 Patent by actively inducing its customers, including merchants and end-users to use h2o's Triple SIM in an infringing manner as described above. Upon information and belief, h2o has specifically intended that its customers use its Triple SIM that infringes at least claim 1 of the '239 Patent by, at a minimum, providing access to, support for, training and instructions for its Triple SIM to its customers to enable them to infringe at least claim 1 of the '239 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '239 Patent is accomplished by h2o and h2o's customer jointly, h2o's actions have solely caused all of the steps to be performed.

26. Sharpe is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

27. Sharpe will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

COUNT II: INFRINGEMENT OF THE '986 PATENT

28. Sharpe incorporates the above paragraphs herein by reference.

29. **Direct Infringement.** h2o has been and continues to directly infringe at least claim 1 of the '986 Patent in this District and elsewhere in the United States, by providing a SIM card, for example that have adaptors allowing use of a micro SIM

card in a device using mini SIM cards.

30. h2o sells, offers for sale in the United States, and imports SIM cards that have adaptors allowing use of a micro SIM card in a device using mini SIM cards.

31. h2o's Triple SIM ("Triple SIM") has an adaptor body having a cutout region defined by walls in the adaptor that are shared to receive micro SIM cards. For example, h2o sells a Triple SIM with a Micro SIM adapter that has an adaptor body with a cutout region that receives micro SIM cards. *See* https://www.h2owirelessnow.com/mainControl.php?page=lteSimDetail&p_code=.

32. h2o's Triple SIM has a floor on the cutout region for supporting the micro SIM card. For example, the Triple SIM has a floor in the cutout region that provides space allowing the micro SIM card to be placed. *See* https://www.h2owirelessnow.com/mainControl.php?page=lteSimDetail&p_code=.



*Figure 2. The cutout region's floor supporting the micro SIM card.*

33. h2o's Triple SIM has an adaptor body made of plastic and/or nylon, carbon fiber, aluminum or similar materials capable of withstanding heat levels up to at least 250 degrees Fahrenheit without degradation. For example, h2o sells a Triple SIM made of, plastic or similar materials capable of withstanding heat levels up to at least 250 degrees Fahrenheit without degradation. *See* https://www.h2owirelessnow.com/mainControl.php?page=lteSimDetail&p_code=.

34. **Induced Infringement**. h2o has also actively induced, and continues to induce, the infringement of at least claim 1 of the '986 Patent by actively inducing its customers, including merchants and end-users to use h2o's Triple SIM in an infringing manner as described above. Upon information and belief, h2o has specifically intended that its customers use its Triple SIM that infringes at least claim 1 of the '986 Patent by, at a minimum, providing access to, support for, training and instructions for its Triple SIM to its customers to enable them to infringe at least claim 1 of the '986 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '986 Patent is accomplished by h2o and h2o's customer jointly, h2o's actions have solely caused all of the steps to be performed.

JURY DEMAND

35. Under Rule 38(b) of the Federal Rules of Civil Procedure, Sharpe respectfully requests a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Sharpe asks this Court to enter judgment against **h2o**, granting the following relief:

    A. A declaration that h2o has infringed the Patents-in-Suit;

    B. An award of damages to compensate Sharpe for h2o's direct infringement of the Patents-in-Suit;

C. An order that h2o and their officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patents-in-Suit under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy h2o's willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

E. A declaration that this case is exceptional, and an award to Sharpe of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

F. An award of prejudgment and post-judgment interest; and

G. Such other and relief as this Court or jury may deem proper and just.

Respectfully submitted,

/s/ Isaac Rabicoff
Counsel for Plaintiff

Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773.669.4590
isaac@rabilaw.com