## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.1
### Eastern Division

Sharpe Innovations, Inc.
                    Plaintiff,

v.                                      Case No.: 1:17–cv–05460
                                        Honorable Virginia M. Kendall

KDDI America, Inc., et al.
                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, March 6, 2018:

      MINUTE entry before the Honorable Virginia M. Kendall. Defendant Tracfone moved for a stay pending inter partes review of two patents in these consolidated cases. (Dkt. No. [31]) The petitions for review, requested by two defendants in unrelated patent litigation involving the Plaintiffs but who are not parties to the cases before this Court, are pending before the Patent Trial and Appeal Board, and a decision on whether they will review the patents is expected in early June 2018. See 35 U.S.C. §§ 311(a)–(c). Similar to § 18(b)(1) of the America Invents Act, district courts have the authority to stay litigation pending inter parties review where they find that a stay will not unduly prejudice or tactically disadvantage the non–moving party; will simplify the issues in question and streamline the trial; and will reduce the burden of litigation on the parties and on the Court. See, e.g., T–Rex Property AB v. Adaptive Micro Systems, LLC, 2017 WL 372311, 1 (N.D. Ill. 2017) (Kendall, J.). On March 1, 2018, the Court granted the motion for a stay pending inter partes review in open Court. (Dkt. No. [47]) The Court grants Defendant's stay [31] because: (1) the Plaintiffs delay of over four years prior to filing this patent–infringement action, when coupled with the sparse litigation activity thus far in the case, weighs in favor of a stay because it will not unduly prejudice the Plaintiff; (2) the decision to review the two patents at issue and the subsequent conclusions by the PTAB will potentially simplify the issues involved in the underlying matter and also will streamline the trial by possibly removing numerous claims and thus weighs in favor of granting the stay; (3) that there has currently been very little discovery or litigation and that the Court has yet to affix a discovery schedule or set a trial date are considerations that also weigh in favor of granting a stay; and finally (4) although not binding, the sister court's recent granting of a stay in these matters suggests that a stay is appropriate here. See Sharpe Innovations, Inc. v. T–Mobile USA, Inc., 17 C 351, 17 C 412 (E.D. Va. Jan. 10 2018) (Doumar, J.) (Dkt. No. [41]). The Parties shall submit status reports and position papers by June 5, 2018 regarding the PTAB decision to review the patents at issue. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.